DANIEL L. ROCKWELL      \*    IN THE
individually, and by his mother
and next friend, Demetria R. Holden    \*    CIRCUIT COURT
3412 Old York Road
Baltimore, Maryland 21218    \*    FOR

and    \*    BALTIMORE CITY

DEMETRIA R. HOLDEN    \*    Case No.:
3412 Old York Road
Baltimore, Maryland 21218    \*

    Plaintiffs    \*

vs.    \*

MAYOR AND CITY COUNCIL OF    \*
BALTIMORE
   \*

  Serve On:
  George Nilson, City Solicitor    \*
  Law Department
  101 City Hall    \*
  Baltimore, Maryland 21202
   \*

and    \*

BALTIMORE  POLICE DEPARTMENT
601 E. Fayette Street    \*
Baltimore, Maryland 21202
   \*

and    \*

DETECTIVE CLYDE RAWLINS
individually and in his official capacity    \*
Baltimore Police Department
601 E. Fayette Street    \*
Baltimore, Maryland 21202
   \*

and    \*

DETECTIVE RICHARD MANNING
individually and in his official capacity    \*
Baltimore Police Department
601 E. Fayette Street    \*

2013 JAN -7 PM 12: 17
CIVIL DIVISION

Case: 24-C-13-003742
CV File New
        $80.00
Appear Fee
        $20.00
ML60
        $55.00
TOTAL      $155.00
Receipt #2013000015216
Cashier: MBT CCBCX82
06/10/13    3:44PM

Baltimore, Maryland 21202                          *

and                                                *

SCHOOL POLICE OFFICER                              *
RODNEY COFFIELD
individually and in his official capacity
Baltimore Police Department                        *
601 E. Fayette Street
Baltimore, Maryland 21202                          *

and                                                *

DEPARTMENT OF JUVENILE                             *
SERVICES OFFICER LEO ZILKA
individually and in his official capacity          *
Baltimore Police Department
601 E. Fayette Street                              *
Baltimore, Maryland 21202
                                                   *

and                                                *

JOHN AND JANE DOES 1-10
individually and in their official capacities      *

        Defendants                                 *

*      *      *      *      *      *      *      *      *      *      *      *

## COMPLAINT

Daniel L. Rockwell, individually, and by his mother and next friend, Demetria R.

Holden, and Demetria R. Holden, Plaintiffs, by their attorney, Michael S. Greene, bring this

suit against Mayor and City Council of Baltimore, Baltimore Police Department, Detective

Clyde Rawlins, Detective Richard Manning, School Police Officer Rodney Coffield,

Department of Juvenile Services Officer Leo Zilka, and John and Jane Does 1-10,

Defendants and state:

**PARTIES**

1. Plaintiff, Daniel L. Rockwell, who was a minor at the time of the incident that is the subject of this Complaint, is now an adult resident of Baltimore City, State of Maryland.

2. Plaintiff, Demetria R. Holden, is an adult resident of Baltimore City, State of Maryland. Demetria R. Holden is the mother of Daniel L. Rockwell, and as such, incurred economic damages as a result of the wrongdoing by Defendants upon her son.

3. Defendants, Mayor and City Council of Baltimore ("Mayor and City Council"), are the individuals responsible for the operation of the City of Baltimore government, including each of its departments, and are responsible for the conduct of each department and each department's agents, servants and employees, specifically, the Baltimore Police Department.

4. The Baltimore Police Department is an agency of the State of Maryland that is, and at all times relevant hereto, was responsible for the delivery of law enforcement services in Baltimore City, Maryland.

5. Defendant, Detective Clyde Rawlins ("Rawlins"), at all times relevant hereto, was a sworn member of the Baltimore Police Department, was acting in his official capacity as a police officer and was acting under color of law pursuant to his authority as a police officer of the Baltimore Police Department.

6. Defendant, Detective Richard Manning, ("Manning"), at all times relevant hereto, was a sworn member of the Baltimore Police Department, was acting in his official capacity as a police officer and was acting under color of law pursuant to his authority as a police

officer of the Baltimore Police Department.

7. Defendant, School Police Officer Rodney Coffield ("Coffield"), at all times relevant hereto, was a sworn member of the Baltimore Police Department, was acting in his official capacity as a police officer and was acting under color of law pursuant to his authority as a police officer of the Baltimore Police Department.

8. Defendant, Department of Juvenile Services Officer Leo Zilka ("Zilka"), at all times relevant hereto, was a sworn member of the Baltimore Police Department, was acting in his official capacity as a police officer and was acting under color of law pursuant to his authority as a police officer of the Baltimore Police Department.

9. Defendants, John and Jane Does 1-10 ("Does 1-10") are, and at all times relevant hereto were, adult citizens of the State of Maryland, sworn members of the Baltimore Police Department, acting in their official capacities as police officers and acting under color of law pursuant to their authority as police officers of the Baltimore Police Department. John and Jane Does 1-10 are pseudonyms used to designate unknown Defendants who were involved in the subject claim.

10. Defendants, Mayor and City Council and Baltimore Police Department, hereinafter may be referred to as "Government Defendants."

11. Defendants, Rawlins, Manning, Coffield, Zilka, and Does 1-10, hereinafter may be referred to as "Individual Officer Defendants."

12. At all times relevant hereto, Defendants, Rawlins, Manning, Coffield, Zilka, and Does 1-10 were acting in individual capacities and as agents, servants and/or employees of

the Baltimore Police Department, the Mayor and City Council of Baltimore and/or the State of Maryland.

13. At all times relevant hereto, the Baltimore Police Department, the Mayor and City Council and the State of Maryland, were acting by and through their agents, servants and employees, including Defendants, Rawlins, Manning, Coffield, Zilka, and Does 1-10.

14. At all times relevant hereto, the Baltimore Police Department, the Mayor and City Council and the State of Maryland, received and accepted the benefits of the actions of their agents, servants and employees, including Defendants, Rawlins, Manning, Coffield, Zilka, and Does 1-10.

15. At all times relevant hereto, and especially when Defendants subjected Plaintiffs to and caused Plaintiffs to be subjected to the deprivation of rights, privileges, and immunities secured by the United States and Maryland Constitutions and laws, Defendants were acting under color of state statute, ordinance, regulation, custom, and usage.

## **VENUE**

16. Baltimore City is the proper venue for this action in that Defendants reside in and/or carry on a regular business in Baltimore City.

17. Baltimore City is the proper venue for this action in that the causes of action that are the subject of this Complaint occurred in Baltimore City.

## **NOTICE REQUIREMENTS**

18. Plaintiffs have complied with the notice requirements of the Local Government

Tort Claims Act, MD. CTS. & JUD. PROC. CODE ANN. §5-301, *et seq.* and the Maryland Tort

Claims Act, MD. STATE GOV'T CODE ANN. §12-101, *et seq.* by delivering, via certified

mail, on or about July 29, 2011 notice of said claim to the Baltimore City Solicitor and by

delivering, via certified mail, on or about August 1, 2011 notice of said claim to the

Maryland State Treasurer. Copies of said notices and proof of delivery are attached hereto

and incorporated herein as Exhibit A.

19. The Maryland State Treasurer has denied Plaintiffs' claims.

20. The Baltimore City Solicitor has, as usual, failed to provide Plaintiffs a decision

regarding Plaintiffs' claims.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

### A.      The Misconduct of the Individual Officer Defendants

21. On February 8, 2011 at the former residence of Plaintiffs, Demetria R. Holden

and Daniel L. Rockwell at 4425 Wrenwood Avenue, Baltimore City, Maryland 21212,

Individual Officer Defendants, Rawlins, Manning, Coffield, Zilka, and Does 1-10, unknown

members of the Warrant Apprehension Task Force ("WATF") that may have been under the

command of Sgt. Harrison, and possibly others, illegally entered Plaintiffs, Demetria R.

Holden's and Daniel L. Rockwell's house, to allegedly serve a warrant on Plaintiff, Daniel

L. Rockwell. Plaintiff, Daniel L. Rockwell, who is mentally challenged, exited his second

story bedroom through a window and was on the second story roof, when Individual Officer

Defendants, including Defendant Rawlins, who were in no danger, acted as no reasonable

police officers in said officers' positions would have acted, and tased Daniel, causing Daniel

to fall from the roof to the ground, and causing Daniel to sustain severe bodily injuries, including fractured vertebrae. As Daniel lay on the ground in pain with obvious severe injuries, Individual Officer Defendants rolled Daniel over onto his stomach and handcuffed him behind his back. The aforesaid incident hereinafter may be referred to as the "Subject Incident."

22. Individual Officer Defendants maliciously, without any proper reason and without provocation, committed the aforementioned actions against and upon Plaintiff, Daniel L. Rockwell.

23. Individual Officer Defendants' conduct was gross, reckless and grossly negligent. Individual Officer Defendants' conduct was wanton, extraordinary and outrageous and in disregard for Plaintiff, Daniel L. Rockwell's health, safety and welfare.

24. Individual Officer Defendants' actions against and upon Plaintiff, Daniel L. Rockwell were unjustified by any actions by Plaintiffs and constituted unreasonable and excessive uses of force in light of the facts and circumstances confronting Individual Officer Defendants.

25. Individual Officer Defendants committed said actions with malice and evil intent towards Plaintiffs.

26. As a result of Individual Officer Defendants' aforementioned conduct, Plaintiffs have suffered and will continue to suffer damages including, but not limited to: economic and non-economic damages, pain and suffering, mental anguish, expenses and attorney's fees.

**B.**   The Misconduct, Coverup and Conspiracy of All Defendants

27. After the Subject Incident, Plaintiffs retained undersigned counsel to pursue a civil rights/tort action against the persons responsible for causing the extensive damages to them. At that time, Plaintiffs did not know of the identities of the responsible persons; that is, the Individual Officer Defendants.

28. In order to pursue the subject civil rights/tort action against the aforesaid Individual Officer Defendants, Plaintiffs needed information and documents, including, but not necessarily limited to:

- copies of all police reports relating to the Subject Incident;
- copies of all internal investigation reports relating to the Subject Incident;
- copies of all statements made by all persons in relation to the Subject Incident;
- the identities of all persons (including, but not limited to police officers) involved in the Subject Incident;
- the identities of all witnesses to the Subject Incident;
- copies of all persons' (including, but not limited to police officers') statements regarding the Subject Incident, and;
- any and all other information contained on any and all police reports relating to the Subject Incident.

29. To obtain this necessary, critical and crucial information, which, hereinafter will be referred to as the "Subject Information and Documents," on or about April 15, 2011, Plaintiffs, by undersigned counsel, mailed to Defendant, Baltimore Police Department a written request for a copy of the police report of the Subject Incident. A copy of said request is attached hereto and incorporated herein as Exhibit B.

30. On or about May 24, 2011, Defendant, Baltimore Police Department mailed a letter to undersigned counsel indicating that "after an exhaustive search the report is not

available." A copy of said letter is attached hereto and incorporated herein as Exhibit C.

31. On or about July 27, 2011, Plaintiffs, by undersigned counsel, mailed to the Lt. Matulions of Defendant, Baltimore Police Department's Warrant Apprehension Task Force a written request (with an Authorization for Release of Records) for copies of any police reports relating to the Subject Incident and for a list of the identities of the officers involved in the Subject Incident. A copy of said request is attached hereto and incorporated herein as Exhibit D.

32. On or about August 8, 2011, Defendant, Baltimore Police Department mailed a letter to undersigned counsel indicating that the agency is unable to comply with the request with the information that was supplied. A copy of said letter is attached hereto and incorporated herein as Exhibit E.

33. On or about January 6, 2012, Plaintiffs, by undersigned counsel, mailed to the Community Correspondence Unit of Defendant, Baltimore Police Department a written request (with an Authorization for Release of Records) for a copy of any police reports relating to the Subject Incident. A copy of said request is attached hereto and incorporated herein as Exhibit F.

34. On or about January 19, 2012, Defendant, Baltimore Police Department mailed a letter to undersigned counsel indicating that "after an exhaustive search the report is not available." A copy of said letter is attached hereto and incorporated herein as Exhibit G.

35. On or about January 25, 2012, Plaintiffs, by undersigned counsel, mailed to

the Internal Investigations Division of Defendant, Baltimore Police Department a written request (with an Authorization for Release of Records) for a copy of any police reports relating to the Subject Incident and for a list of the identities of the officers involved in the Subject Incident. A copy of said request is attached hereto and incorporated herein as Exhibit H.

36. On or about March 14, 2012 – almost one year after Plaintiffs began asking Government Defendants for the Subject Information that Government Defendants denied existing - Defendant, Baltimore Police Department, by Associate Legal Counsel, Christopher L. Lundy, mailed a letter to undersigned counsel indicating that the Baltimore Police Department is denying the January 25, 2012 Maryland Public Information Act request for the reasons including, that the records are confidential because they involve a juvenile. A copy of said letter is attached hereto and incorporated herein as Exhibit I. So at this point, the records, that allegedly didn't exist, or couldn't be found, were found, but were not going to be produced by Government Defendants.

37. On or about March 2, 2012, undersigned counsel and counsel for Defendant, Baltimore Police Department communicated by phone, during which it was discussed that it was illogical and made no sense whatsoever to prohibit the juvenile and his attorney from having access to the Subject Information and Documents that involved the attorney's client; however, Defendant, Baltimore Police Department's position was that it would not and/or could not release the Subject Information and Documents without a Court Order.

38. Defendants, by their aforementioned illegal and unconstitutional actions in denying Plaintiffs access to critical information that was necessary for Plaintiffs to pursue this civil rights action, were, attempting to deny and block Plaintiffs' access to the courts, and were succeeding.

39. Defendants' withholding of the Subject Information and Documents from persons in interest and their counsel was a violation of Plaintiffs' civil rights and was an act in furtherance of a conspiracy to interfere with Plaintiffs' anticipated civil rights/tort action against the aforesaid Individual Officer Defendants.

40. Defendants knew that by refusing to disclose the Subject Information and Documents, that Plaintiffs would not be able to obtain the information necessary to pursue their civil rights/tort action against the aforesaid Individual Officer Defendants.

41. Defendants knew that by refusing to disclose the Subject Information and Documents, that attorneys would not be able to effectively represent their clients because said attorneys would not be able to obtain information and documents relevant to, and necessary for prosecution of their clients' cases.

42. Defendants knew that by refusing to disclose the Subject Information and Documents, the public would suffer.

43. As a result of Defendants' aforesaid illegal and unconstitutional actions, Plaintiffs, were forced to file suit against Government Defendants, seeking production of the Subject Information and Documents. By and through said suit, Plaintiffs were able to obtain some of the Subject Information and Documents.

44. Unfortunately, as a result of Defendants' aforesaid gross and malicious violations of Plaintiffs' rights, Plaintiffs were forced to incurred substantial attorney's fees and costs.

45. As a result of Defendants' aforementioned conduct, Plaintiffs have suffered and will continue to suffer damages including, but not limited to: economic and non-economic damages, pain and suffering, mental anguish, expenses and attorney's fees.

C.   **The Misconduct, Patterns, Practices, Policies and Customs of the Government Defendants**

46. Government Defendants, Mayor and City Council and Baltimore Police Department, themselves and by and through the actions of supervisory employees, in addition to participating in the misconduct, coverup and conspiracy with respect to Plaintiffs' quest for the Subject Information and Documents, set forth in Statement of Facts Common to All Counts, Section B, *supra*, also condoned and ratified all aspects of the misconduct of the Individual Officer Defendants set forth in Statement of Facts Common to All Counts, Section A, *supra*.

47. In the incident that is the subject of this Complaint as well as during previous years, Defendants, Mayor and City Council and Baltimore Police Department themselves, as well as through the actions of other ranking officers and supervisors of the Baltimore Police Department, have permitted, encouraged, tolerated, and ratified a pattern of unjustified, unreasonable, illegal and unconstitutional actions upon persons similarly situated as Plaintiffs, including: assaults, batteries, false arrests, false imprisonments, invasions of privacy, conspiracies, wrongful deaths, violations of Maryland Declaration of

Rights (Articles, 24, 25 and 26), and violations of the United States Constitution (Amendments 1, 4, 8, and 14).

48. In the incident that is the subject of this Complaint as well as during previous years, Defendants, Mayor and City Council and Baltimore Police Department themselves, as well as through the actions of other ranking officers and supervisors of the Baltimore Police Department, have permitted, encouraged, tolerated, and ratified a pattern of unjustified, unreasonable, illegal and unconstitutional actions upon persons similarly situated as Plaintiffs, including: unlawful use of Electronic Shock Devices ("ESD"), failure to investigate and discipline police officers who violate citizens' civil rights in the use of ESD's, denying access to public records, covering-up police violations and conspiring to cover-up the aforesaid civil rights violations.

49. Defendants, Mayor and City Council and Baltimore Police Department have failed to train police officers and other employees in the proper procedures for: arresting persons and using ESD's. Said failures to train are tantamount to a deliberate indifference to the constitutional rights of the citizens of the State of Maryland by Defendants, Mayor and City Council and Baltimore Police Department.

50. Defendants, Mayor and City Council and Baltimore Police Department have failed to discipline or prosecute incidents of police brutality and have failed to fully and legitimately investigate claims of police misconduct.

51. Defendants, Mayor and City Council and Baltimore Police Department had actual and/or constructive knowledge that their subordinates were engaged in the aforesaid

conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiffs. Defendants, Mayor and City Council's and Baltimore Police Department's response to that knowledge was so inadequate as to show deliberate indifference to and/or tacit authorization of the aforesaid offensive practices. Defendants, Mayor and City Council and Baltimore Police Department's inaction caused the aforesaid constitutional injuries to Plaintiffs.

52. As a result of the official policies and/or customs implemented and/or allowed to continue by Defendants, Mayor and City Council and Baltimore Police Department, the Individual Officer Defendants, along with the unidentified Baltimore City Police Officers assaulted, battered, falsely arrested, falsely imprisoned, intentionally inflicted emotional distress upon, invaded the privacy of and deprived Plaintiffs of their state and federal statutory and constitutional rights.

53. As a result of Government Defendants' aforementioned conduct, Plaintiffs have suffered and will continue to suffer damages including, but not limited to: economic and non-economic damages, pain and suffering, mental anguish, expenses and attorney's fees.

## CAUSES OF ACTION

### COUNT I – ASSAULT

**(Against Individual Officer Defendants)**

54. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further allege as follows:

55. Individual Officer Defendants intentionally and maliciously threatened to do bodily harm to Plaintiff, Daniel L. Rockwell.

56. Individual Officer Defendants possessed the apparent present ability to carry out those threats.

57. Individual Officer Defendants' actions caused Plaintiff, Daniel L. Rockwell to be in fear of imminent bodily harm.

58. As a result of Individual Officer Defendants' aforementioned conduct, Plaintiffs have suffered and will continue to suffer damages including, but not limited to: economic and non-economic damages, pain and suffering, mental anguish, expenses and attorney's fees.

## COUNT II – BATTERY

### (Against Individual Officer Defendants)

59. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further allege as follows:

60. Individual Officer Defendants intentionally and maliciously touched Plaintiff, Daniel L. Rockwell.

61. Said touching was harmful and offensive and Plaintiff, Daniel L. Rockwell did not consent to said touching.

62. As a result of Individual Officer Defendants' aforementioned conduct, Plaintiffs have suffered and will continue to suffer damages including, but not limited to: economic and non-economic damages, pain and suffering, mental anguish, expenses and

attorney's fees.

## COUNT III - FALSE ARREST

### (Against Individual Officer Defendants)

63. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further allege as follows:

64. Individual Officer Defendants intentionally, maliciously and unlawfully restrained and detained Plaintiff, Daniel L. Rockwell thereby depriving Plaintiff, Daniel L. Rockwell of his freedom of movement.

65. Individual Officer Defendants arrested Plaintiff, Daniel L. Rockwell without a warrant.

66. Individual Officer Defendants did not witness Plaintiff, Daniel L. Rockwell engage in any unlawful conduct.

67. Individual Officer Defendants did not have probable cause to arrest Plaintiff, Daniel L. Rockwell.

68. As a result of Individual Officer Defendants' aforementioned conduct, Plaintiffs have suffered and will continue to suffer damages including, but not limited to: economic and non-economic damages, pain and suffering, mental anguish, expenses and attorney's fees.

## COUNT IV - FALSE IMPRISONMENT

### (Against Individual Officer Defendants)

69. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth

herein and further allege as follows:

70. Individual Officer Defendants intentionally and maliciously, by force and threat of force, deprived Plaintiff, Daniel L. Rockwell of his personal liberty without Plaintiff's consent.

71. Plaintiff, Daniel L. Rockwell was conscious of his confinement and was harmed by it.

72. As a result of Individual Officer Defendants' aforementioned conduct, Plaintiffs have suffered and will continue to suffer damages including, but not limited to: economic and non-economic damages, pain and suffering, mental anguish, expenses and attorney's fees.

## COUNT V - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against Individual Officer Defendants)

73. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further allege as follows:

74. Individual Officer Defendants' conduct mentioned in this Complaint was malicious, intentional, reckless and in deliberate disregard of a high degree of probability that emotional distress would result to Plaintiffs.

75. The aforesaid conduct by Individual Officer Defendants was extreme and outrageous and beyond the bounds of decency in society.

76. The aforesaid conduct by Individual Officer Defendants was malicious, willful and intentional.

77. As a result of Individual Officer Defendants' aforementioned conduct, Plaintiffs have suffered and will continue to suffer damages including, but not limited to: economic and non-economic damages, pain and suffering, mental anguish, expenses and attorney's fees.

## COUNT VI – NEGLIGENCE

### (Against Individual Officer Defendants)

78. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further allege as follows:

79. On the occasion in question, Individual Officer Defendants owed a duty to members of the public, including Plaintiffs to exercise a high degree of care and skill in their performance of duties as police officers.

80. On the occasion in question, Individual Officer Defendants breached their aforementioned duties and were negligent by: shooting a taser at Plaintiff, Daniel L. Rockwell, when he was on the roof of his house, arresting and imprisoning Plaintiff, Daniel L. Rockwell, failing to properly investigate all relevant circumstances arising out of the aforementioned incident, failing to make an appropriate determination as to the manner in which they approached and apprehended Plaintiff, Daniel L. Rockwell, failing to make an appropriate determination as to the amount of force, if any, to be used against Plaintiff, Daniel L. Rockwell, and failing to act as reasonable persons considering the facts and circumstances of the situation.

81. As a result of Individual Officer Defendants' aforementioned conduct,

Plaintiffs have suffered and will continue to suffer damages including, but not limited to: economic and non-economic damages, pain and suffering, mental anguish, expenses and attorney's fees.

82. All of Plaintiffs' injuries, losses and damages were caused solely by the negligence of Individual Officer Defendants without any negligence by Plaintiffs.

## COUNT VII - GROSS NEGLIGENCE

**(Against Individual Officer Defendants)**

83. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further allege as follows:

84. Individual Officer Defendants' negligence set forth in Count VI, herein, was gross and reckless conduct. Individual Officer Defendants' conduct was wanton, extraordinary and outrageous and in disregard for Plaintiff, Daniel L. Rockwell's health, safety and welfare.

85. As a result of Individual Officer Defendants' aforementioned conduct, Plaintiffs have suffered and will continue to suffer damages including, but not limited to: economic and non-economic damages, pain and suffering, mental anguish, expenses and attorney's fees.

## COUNT VIII – NEGLIGENT HIRING, RETAINING TRAINING AND SUPERVISION

**(Against Government Defendants)**

86. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further allege as follows:

87. Individual Officer Defendants were incompetent to perform the duties for which they were hired.

88. Government Defendants had a duty to use reasonable care to select agents, servants and/or employees who were competent and fit to perform the duties assigned to Individual Officer Defendants.

89. Government Defendants knew or should have known of Individual Officer Defendants' incompetence and dangerous propensities.

90. Government Defendants knew or should have known that their agents, servants and/or employees, including Individual Officer Defendants would be likely to be in contact with members of the pubic. Plaintiffs were member of the public who would foreseeably come into contact with Government Defendant's agents, servants and/or employees.

91. Government Defendants owed a duty to Plaintiffs to hire and retain competent agents, servants and/or employees.

92. Government Defendants owed a duty to Plaintiffs to properly and adequately train and supervise it agents, servants, and/or employees.

93. Government Defendants breached their duties to use reasonable care to select employees that were competent and fit for the positions assigned to Individual Officer Defendants.

94. Government Defendants failed to properly and adequately train and supervise Individual Officer Defendants in the use of tasers.

95. As a result of Government Defendants' negligence in hiring, retaining, training

and supervising Individual Officer Defendants, Plaintiffs were injured as previously alleged.

96. As a result of Government Defendants' aforementioned conduct, Plaintiffs have suffered and will continue to suffer damages including, but not limited to: economic and non-economic damages, pain and suffering, mental anguish, expenses and attorney's fees.

## COUNT IX – CIVIL CONSPIRACY

### (Against All Defendants)

97. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further allege as follows:

98. Without Plaintiffs' consent or approval, Defendants entered into one or more agreements with one another, wherein Defendants agreed to assault, batter, falsely arrest, falsely imprison, intentionally inflict emotional distress upon, deny Plaintiffs access to critical information, deny and block Plaintiffs' access to the courts and deprive Plaintiffs, their state and federal statutory and constitutional rights.

99. Defendants committed these aforementioned acts with malice, evil intent, the intent to deceive, greed, ill will, spite, and for the purpose of defrauding and injuring Plaintiffs.

100. As a result of Defendants' aforementioned conduct, Plaintiffs have suffered and will continue to suffer damages including, but not limited to: economic and non-economic damages, pain and suffering, mental anguish, expenses and attorney's fees.

## COUNT X - STATE CONSTITUTIONAL CLAIMS - VIOLATION OF ARTICLE 24 OF THE MARYLAND DECLARATION OF RIGHTS

### (Against All Defendants)

101. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further allege as follows:

102. By engaging in the acts, omissions and misconduct described in the preceding paragraphs of this Complaint, Defendants violated the constitutional rights of Plaintiffs secured by Article 24 of the Maryland Declaration of Rights, including, but not limited to the right not to be taken or imprisoned, or disseized of their lives, liberties or privileges without due process of law.

103. Pursuant to Article 19, Plaintiffs are entitled to remedies for the injuries inflicted upon them by Defendants.

104. As a result of Defendants' aforementioned conduct, Plaintiffs have suffered and will continue to suffer damages including, but not limited to: economic and non-economic damages, pain and suffering, mental anguish, expenses and attorney's fees.

## COUNT XI - STATE CONSTITUTIONAL CLAIMS - VIOLATION OF ARTICLE 26 OF THE MARYLAND DECLARATION OF RIGHTS

### (Against All Defendants)

105. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further allege as follows:

106. By engaging in the acts, omissions and misconduct described in the preceding paragraphs of this Complaint, including Statement of Facts Common to All Counts, Sections A, B and C, Defendants violated the constitutional rights of Plaintiffs secured by Article 26 of the Maryland Declaration of Rights, including, but not limited to the right to

be free from unreasonable searches and seizures.

107. Pursuant to Article 19, Plaintiffs are entitled to remedies for the injuries inflicted upon them by Defendants.

108. As a result of Defendants' aforementioned conduct, Plaintiffs have suffered and will continue to suffer damages including, but not limited to: economic and non-economic damages, pain and suffering, mental anguish, expenses and attorney's fees.

## COUNT XII – FEDERAL CONSTITUTIONAL AND STATUTORY CLAIMS - VIOLATIONS OF THE 4th AND 14th AMENDMENTS TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. §§1983, 1985, AND 1986

### (Against All Defendants)

109. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further allege as follows:

110. By engaging in the acts, omissions and misconduct described in the preceding paragraphs of this Complaint, including Statement of Facts Common to All Counts, Sections A, B and C, Defendants violated the constitutional rights of Plaintiffs secured by the 4th Amendment to the United States Constitution, including, but not limited to the right to be free from unreasonable searches and seizures.

111. By engaging in the acts, omissions and misconduct described in the preceding paragraphs of this Complaint, including Statement of Facts Common to All Counts, Sections A, B and C, Defendants violated the constitutional rights of Plaintiffs secured by the 14th Amendment to the United States Constitution, including, but not limited to the right not to be taken or imprisoned, or disseized of their lives, liberties or privileges without due

process of law.

112. By engaging in the acts, omissions and misconduct described in the preceding paragraphs of this Complaint, including Statement of Facts Common to All Counts, Sections A, B and C, Defendants violated the rights of Plaintiffs secured by 42 U.S.C. §1983.

113. By engaging in the acts, omissions and misconduct described in the preceding paragraphs of this Complaint, and by conspiring for the purposes of impeding, hindering, obstructing, and/or defeating the due course of justice with intent to deny to Plaintiffs the equal protection of the laws, and/or to injure them for lawfully enforcing, or attempting to enforce, their rights to the equal protection of the laws, Defendants violated the statutorily protected rights of Plaintiffs secured by 42 U.S.C. §1985(2).

114. By engaging in the acts, omissions and misconduct described in the preceding paragraphs of this Complaint, and by conspiring to interfere with Plaintiffs' civil rights, Defendants violated the statutorily protected rights of Plaintiffs secured by 42 U.S.C. §1985(3).

115. By engaging in the acts, omissions and misconduct described in the preceding paragraphs of this Complaint, and by knowing of the conspiracy to interfere with Plaintiffs' civil rights and by neglecting to prevent said conspiracy, Defendants violated the statutorily protected rights of Plaintiffs secured by 42 U.S.C. §1986.

116. Pursuant to 42 U.S.C. §1983, Plaintiffs are entitled to damages for the injuries inflicted upon them by Defendants.

117. Pursuant to 42 U.S.C. §1988(b), Plaintiffs are entitled to attorney's fees.

118. Pursuant to 42 U.S.C. §1988(c), Plaintiffs are entitled to expert's fees.

119. As a result of Defendants' aforementioned conduct, Plaintiffs have suffered and will continue to suffer damages including, but not limited to: economic and non-economic damages, pain and suffering, mental anguish, expenses and attorney's fees.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand:

A. Judgment against Defendants, jointly and severally, for compensatory damages in an amount exceeding seventy-five thousand dollars ($75,000.00), and for punitive damages in an amount exceeding seventy-five thousand dollars ($75,000.00), with interest and costs, attorneys' fees and experts' fees, and;

B. Such other and further relief that the nature of their cause requires.

Michael S. Greene, Esquire
Michael S. Greene, P.A.
11-A Gwynns Mill Court
Owings Mills, Maryland 21117
telephone: (410)363-9414
fax: (410)363-2659
email: mgreene@greenelegal.com
*Attorney for Plaintiffs, Daniel L. Rockwell and Demetria R. Holden*