IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DANIEL L. ROCKWELL, et. al.,          \*

                              \*

      *Plaintiffs,*          \*          Civil Action No.: RDB-13-3049

                              \*

v.          \*

                              \*

MAYOR AND CITY COUNCIL          \*
OF BALTIMORE, *et al.*,          \*

                              \*

      *Defendants*          \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO STRIKE DECLARATION OF DANIEL L. ROCKWELL

Defendant Detective Clyde Rawlins, by his attorneys, Michael Marshall, Chaz Ball, and

Schlachman, Belsky & Weiner, P.A, files this Motion to Strike the Declaration of Daniel L.

Rockwell and preclude the Plaintiff from using the Declaration of Daniel L. Rockwell as

evidence on any motion, including the Defendant's pending Motion for Summary Judgment, at

any hearing, or at trial.

I.     PLAINTIFF ROCKWELL HAS FAILED TO COMPLY WITH DISCOVERY.

Defendant Rawlins filed Interrogatories and Requests for Production of Documents on

April 24, 2014 (Ex. A). Pursuant to Fed. Rule Civ. Pro. 33(b)(2), a party has 30 days to respond

to interrogatories after being served. In an effort to accommodate Plaintiff's counsel,

Defendant's counsel was lenient regarding the 30 day rule.

Defendant's law clerk spoke to Plaintiff's counsel's paralegal on June 9, 2014 about the

late discovery, and Plaintiff's paralegal said she would inform Plaintiff's counsel about the

missing discovery (Ex. B).  On June 26, 2014, Defendant's law clerk spoke with Plaintiff's

counsel's receptionist about the missing discovery, and Plaintiff's counsel's receptionist stated

that she would instruct Plaintiff's counsel to call Defense counsel (Ex. C).  On July 1, 2014, Defendant's counsel's law clerk spoke with Plaintiff's counsel and inquired as to when Plaintiff's answers would be forthcoming (Ex. D).  At that time, two months prior to Plaintiff's Opposition to Summary Judgment, Plaintiff's Counsel stated that he was working on getting the Plaintiff's signature for the discovery responses.  *Id.*

Despite Defendant's diligent efforts to receive same, to date, Plaintiffs have not responded to Defendant's Interrogatories nor to Defendant's Requests for Production of Documents.  The deadline for discovery in this case, per the Scheduling Order, was July 25, 2014 (Ex. E). In the Defendant Detective Rawlins' status report, submitted July 25, 2014, Defense counsel made clear that Plaintiff had still not completed discovery and that the Defendant's position was that as a result of Plaintiff's failure to respond, Plaintiff should be precluded from submitting any testimony or evidence in his opposition to summary judgment (Ex. F).

Defendant reiterates his argument that Plaintiff's failure to cooperate with discovery should preclude him from now attempting to oppose summary judgment by way of declaration in opposition.  Everything in Plaintiff Rockwell's Declaration was discoverable and directly addressed by interrogatories from Defendant Rawlins.

In Defendant's Interrogatory Number 20 to Plaintiff Rockwell, Defendant asked Plaintiff Rockwell to "identify each and every inaccurate, incomplete, or defective statement [in the police incident Use of Force report relating to this case] and describe in clear and precise detail the bases for all facts supporting such contention." The report was attached as an exhibit to the Interrogatories. The Use of Force Report indicates that Rockwell stated, "I'm not fucking going back to jail." The Use of Force Report indicates that Rawlins saw Rockwell's hands reaching toward his waist and right side, attempting to manipulate a perceived object. The Use of Force

Report concluded that Defendant Rawlins acted in compliance with all general orders and policies of the Baltimore Police Department (*See* Ex. G).

In Defendant's Interrogatory Number 21 to Plaintiff Rockwell, Defendant asked Plaintiff Rockwell to "identify each and every inaccurate, incomplete, or defective statement [in Juvenile Services Officer Leo Zilka's report] and describe in clear and precise detail the bases for all facts supporting such contention." The report was attached as an exhibit to the Interrogatories. Officer Leo Zilka's report states that Rockwell was "running back and forth across the porch roof numerous times screaming he wasn't fucking going back to jail." Zilka's report states that all officers on scene told Rockwell to go back inside, but that Rockwell did not comply.  Further, Zilka's report indicates that Rockwell "put his hands inside the front of his pants and walked toward [Defendant Rawlins] in an agitated manner." (*See* Ex. G).

In Defendant's Interrogatory Number 22 to Plaintiff Rockwell, Defendant asked Plaintiff Rockwell to "identify each and every inaccurate, incomplete, or defective statement [in Officer Rodney Coffield's report] and describe in clear and precise detail the bases for all facts supporting such contention." The report was attached as an exhibit to the Interrogatories.  Officer Rodney Coffield's report states that Rockwell repeatedly ran back and forth on the roof and shouted, "I'm not going back to fucking jail." Coffield noted in his report that all officers on scene ordered Rockwell to get off of the roof several times. Coffield observed that Rockwell put his hands in his pockets against the orders of the officers on scene; Rockwell made an aggressive move towards Defendant Rawlins before being tased (*See* Ex. G).

In Defendant's Interrogatory Number 23 to Plaintiff Rockwell, Defendant asked Plaintiff Rockwell to "identify each and every inaccurate, incomplete, or defective statement [in Detective Richard Manning's report] and describe in clear and precise detail the bases for all facts supporting such contention." The report was attached as an exhibit to the Interrogatories.

Detective Richard Manning's report states that Rockwell was pacing back and forth on the roof when he shouted, "I'm not fucking going back to jail." The standoff on the roof continued for 5-10 minutes, with Rockwell repeating that he was not going back to jail.  Detective Manning lost sight of Rockwell's hands as he turned toward Defendant Rawlins immediately before Rawlins deployed his taser (*See* Ex. G).

In Defendant's Interrogatory Number 24 to Plaintiff Rockwell, Defendant asked Plaintiff Rockwell to "identify each and every inaccurate, incomplete, or defective statement [in Defendant Rawlins' report] and describe in clear and precise detail the bases for all facts supporting such contention." The report was attached as an exhibit to the Interrogatories. Defendant Rawlins' report states that Rockwell was running across the porch roof shouting, "I'm not going back to fucking jail." Defendant Rawlins ordered Rockwell to reenter the house. Rockwell responded, "Fuck you I'm not going down bookings [sic] today." Defendant Rawlins lost sight of Rockwell due to the wrap-around style of the porch roof.  When Rockwell reappeared, he was approaching Defendant Rawlins in a rapid and unstable manner.  Defendant Rawlins was unable to retreat back inside of the house; he was effectively stuck in the window. Defendant Rawlins ordered Rockwell to expose his hands, but Rockwell did not comply. Rockwell reached his hands towards the right side of his waist and appeared to manipulate an object in his pants. Defendant Rawlins knew that the source of the original charge was possession of a handgun, so Defendant Rawlins feared that Rockwell was reaching for a gun. Defendant Rawlins deployed his taser against Rockwell in self-defense (*See* Ex. G).

Plaintiff cannot be permitted to now, nearly two months after the close of discovery and five months after the service of interrogatories, circumvent the discovery process by filing a declaration in opposition of summary judgment that includes facts discoverable via interrogatories submitted by Defendant Rawlins.  Under the Federal Rules of Civil Procedure,

the remedies for failing to participate in discovery include dismissal of the entire action or establishment of contested facts against the delinquent party.  Fed. Rule. Civ. Pro. 37(d)(1) (stating that any sanction from Fed. Rule Civ. Pro. 37(b)(2)(A) is applicable).

A district court has wide discretion in what sanction to apply to failure to answer interrogatories and request for production of documents. *Dorey v. Dorey*, 609 F.2d 1128, 1135 (5th Cir. 1980).  The sanction should be proportionate to the egregiousness of the discovery failure. *Id.* (awarding $2,600 in attorney's fees as a sanction after defendant's attorney did not respond to interrogatories after 35 days). Rule 37(d) allows imposition of sanctions against a party for especially serious disregard of obligations imposed by discovery rules even though party has not violated any court order. *PrecisionFlow Techs. v. CVD Equip. Corp*., 198 F.R.D. 33, 36 (N.D. N.Y 2000).  Trial courts are well within their authority to dismiss the case if a plaintiff fails or refuses to participate in discovery or respond to interrogatories. *See Brown v. Hoops*, 2013 U.S. Dist. LEXIS 130074 (C.D. Cal. Sept. 10, 2013) at 10-11.

In a similar context, the court did not allow allegations in a well-pleaded complaint to be contested when the defendant failed to answer interrogatories.   *Aljassim v. SS South Star*, 323 F. Supp. 918, 922 (S.D. N.Y. 1971).  The court deemed that the party who failed to answer the interrogatories had admitted the allegations for purposes of the case. *Id.* (citing *Trans World Airlines, Inc. v. Hughes*, 308 F. Supp. 679, 682-683 (S.D.N.Y. 1969). Likewise, if a $2,600 sanction was appropriate in *Dorey*, where the attorney was only one week late in responding to interrogatories, a more significant sanction is warranted in this case because Plaintiff Rockwell's interrogatory responses are four and a half months overdue (*See* Ex. B).  The appropriate sanction at this juncture, where Defendant Rawlins has moved for summary judgment, would be to prohibit Plaintiff Rockwell from filing affidavits or declarations after failing to respond to

discovery.  Permitting the Plaintiff's declaration to stand would reward his misconduct and undermine future discovery processes.

## II.        PLAINITFF ROCKWELL IS INCOMPETENT TO TESTIFY.

In addition to the discovery failures, Plainitff Rockwell's Declaration should be struck from his Opposition to Summary Judgment because he is incompetent to testify.  The Federal Rules of Civil Procedure require that any affidavit or declaration made in opposition to a motion for summary judgment show that the affiant or declarant is competent to testify on the matters stated. Fed. R. Civ. P. 56(c)(4).  In spite of his attorney's claims, the Plaintiff is not competent to testify to any of the items in his declaration. *See* Pl. Resp. in Opp. to Def.'s Mot. For Summ. J. at 4 n.4.  Plaintiff's attorney admits that Plaintiff Rockwell was found not competent to stand trial in the Circuit Court for Baltimore City in August of 2012 but suggests that Plaintiff Rockwell's mental capacity has improved between then and now.  *Id.*  In reality, Plainitff Rockwell has been found incompetent to stand trial as a result of mental disorder or mental retardation *since* August 2012 via periodic hearings held by the Circuit Court.

Most recently, on July 2, 2014, the Honorable Gail Rasin again found Plaintiff Rockwell incompetent to stand trial as a result of mental disorder or mental retardation (Ex. H). The Plaintiffs have further acknowledged Rockwell's incompetency due to mental illness or mental retardation. Defendant Detective Rawlins filed Requests for Admission of Fact on March 25, 2014 (Ex. I). On April 28, 2014, Plaintiff Rockwell admitted that he (Rockwell) was still confined to a mental health facility due to his incompetence in response to Defendant's Request for Admission of Fact Number 11 (Ex. J; Ex. K).  On April 28, 2014, Plaintiff Holden admitted that Rockwell was still confined to a mental health facility due to his incompetence in response to Defendant's Request for Admission of Fact Number 16 (Ex. J; Ex. L).

The general test for incompetency, as discussed in a case cited by the Plaintiff, is whether the mental disorder affects the person's practical ability "to manage his or her own affairs." *Hudnall v. Sellner*, 800 F.2d 377, 385 (4th Cir. 1986); *see also* Pl. Resp. in Opp. to Def.'s Mot. For Summ. J. at 4 n.4.   A continued finding of incompetency by the Circuit Court for Baltimore City and Plaintiff's involuntary commitment to a mental hospital show that Plaintiff Rockwell is unable to manage his own affairs.   As such, he is not competent to give testimony.

The Court cannot permit the Plaintiff to have his cake and eat it too; Plaintiff Rockwell conveniently claims that he is incompetent when it suits his purposes to avoid criminal prosecution, but then inexplicably becomes competent when it serves his purpose of extracting money from the City of Baltimore.

WHEREFORE, Defendant respectfully requests this Court preclude the Plaintiff from using the Declaration of Daniel Rockwell as evidence on any motion, at any hearing, or at trial.

_____/s/_____
Michael Marshall (Bar No. 02587)


_____/s/_____
Chaz Ball (Bar No. 30044)
Schlachman, Belsky & Weiner, P.A.
300 East Lombard Street, Suite 1100
Baltimore, Maryland 21202
phone: (410) 685-2022
fax: (410) 783-4771
email: cball@sbwlaw.com
*Attorneys for Defendant*

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 11th day of September, 2014, a copy of the Motion to Strike Declarations of Daniel Rockwell was filed with the United States District Court for the District of Maryland by electronic filing.  All counsel of record are being served by the Court's electronic filing system or by first-class mail, properly addressed and postage prepaid.


_____/s/_____
Chaz Ball