IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| DANIEL L. ROCKWELL, *et al.*, | | |
| | * | |
| Plaintiffs, | | |
| | * | |
| v. | | Civil Action No. RDB-13-3049 |
| | * | |
| DETECTIVE CLYDE RAWLINS, *et al.*, | | |
| | * | |
| Defendants. | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## <u>MEMORANDUM OPINION & ORDER</u>

Currently pending before the Court are Defendant Detective Clyde Rawlins' ("Detective Rawlins") Motion to Strike Declaration of Daniel L. Rockwell (ECF NO. 75) and Motion to Strike Plaintiff's Answers to Interrogatories and Response to Request for Production of Document (ECF No. 76).[1]  The parties' submissions have been reviewed, and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2011).  For the reasons that follow, Detective Rawlins' Motion to Strike Declaration of Daniel L. Rockwell (ECF No. 75) and Motion to Strike Plaintiff's Answers to Interrogatories and Response to Request for Production of Documents (ECF No. 76) are DENIED.

## <u>BACKGROUND</u>

This case arises out of the execution of a warrant to arrest Plaintiff Daniel L. Rockwell ("Rockwell") in Baltimore City, Maryland.  On February 8, 2011, Defendant

---

[1] Also pending before this Court are Detective Rawlins' Motion for Summary Judgment (ECF No. 67) and Detective Rawlins' Motion to Continue (ECF No. 79).  This Court will address the Motion to Continue during today's conference call, and a ruling on the Motion for Summary Judgment will follow in the coming days.

Detective Clyde Rawlins ("Detective Rawlins") along with several other officers[2] arrived at Plaintiffs' home at 4425 Wrenwood Avenue, Baltimore City, Maryland 21212 in order to execute the warrant. Pls.' Compl. ¶ 21. Rockwell exited his second story bedroom window and stood on the roof of the house. *Id.* ¶ 21. It is undisputed that Defendant Rawlins subsequently tasered Rockwell, causing Rockwell to fall from the roof to the ground and fracture his vertebrae. *Id.*

Plaintiffs[3] filed an action in the Circuit Court for Baltimore City asserting a variety of federal and state claims for money damages against Defendants and the Baltimore City Police Department (ECF No. 2).[4] Thereafter, the Defendants removed the action to this Court pursuant 28 U.S.C. § 1446 and 28 U.S.C. § 1331, and the Defendants filed a number of motions to dismiss.

This Court held a hearing on February 27, 2014, where Plaintiffs agreed to dismiss numerous counts, including the false arrest, false imprisonment , and negligence claims.[5]

---

[2] Detective Richard Manning, School Police Officer Rodney Coffield, and Department of Juvenile Services Officer Leo Zilka were the other individuals who arrived at Plaintiffs' home. These officers were originally named as Defendants in this action, but this Court dismissed them by its March 11, 2014 Order.

[3] Demetria R. Holden, Plaintiff Daniel L. Rockwell's mother, also joined this suit as a named Plaintiff.

[4] Specifically, the Complaint alleged assault (Count I), battery (Count II), false arrest (Count III), false imprisonment (Count IV), intentional infliction of emotional distress (Count V), negligence (Count VI), gross negligence (Count VII), negligent hiring, retaining, training, and supervision (Count VIII), civil conspiracy (Count IX), violations of Articles 24 and 26 of the Maryland Declaration of Rights (Counts X and XI), and federal claims under the Fourth and Fourteenth Amendments and 42 U.S.C. §§ 1983, 1985, and 1986 (Count XII).

[5] Specifically, counsel for Plaintiffs agreed to dismiss Count I (assault) and Count II (battery) with respect to all Defendants except Detective Clyde Rawlins. *See* Pls.' Resp. 17, ECF No. 40-1. In addition, Plaintiff agreed to dismiss Count III (false arrest), Count IV (false imprisonment), and Count VI (negligence) with respect to all Defendants. *See* Pls.' Resp. 17, 19, ECF No. 40-1. At the hearing, Plaintiff also agreed to the dismissal of Counts V (intentional infliction of emotional distress), Count VII (gross negligence), and the State Constitutional claims with respect to Officer Zilka, Officer Coffield, and Detective Manning.

Subsequently, this Court dismissed the action as to the other named individual Defendants as well as several of the other claims against Detective Rawlins and the Baltimore Police Department.[6]  The remaining Counts included claims against Rawlins for assault and battery (Counts I and II), gross negligence (Count VII), violation of the Maryland Declaration of Rights (Counts X and XI), and violations of the Fourth and Fourteenth Amendment and 42 U.S.C. § 1983 (Count XII).  Plaintiffs' § 1983 claim against the Baltimore Police Department for violation of the Fourth and Fourteenth Amendment (Count XII) survived as well.

Thereafter, upon the Baltimore Police Department's motion, this Court bifurcated the case.  Trial as to the claims against Detective Rawlins was scheduled for November 10, 2014, and the case was stayed as to the Baltimore Police Department.[7]

The Scheduling Order in this case set the discovery deadline for July 25, 2014. Plaintiffs submitted a status report on July 25, 2014, indicating that some discovery was still outstanding due to "difficulties" of a "sensitive" nature.  *See* ECF No. 68.  That same day, Detective Rawlins filed his Motion for Summary Judgment.  Plaintiffs filed their response brief on August 29, 2014, and attached a declaration made by Plaintiff Rockwell as an exhibit in support.

On September 11, 2014, Plaintiffs served their answers to interrogatories and

---

[6] Specifically, this Court dismissed the claims for intentional infliction of emotion distress (Count V) and civil conspiracy (Counts IX and X) as to Detective Rawlins and all claims except the federal claims as to the Baltimore Police Department.

[7] This procedure comports with this Court's prior ruling in *Marryshow v. Town of Bladensburg*, 139 F.R.D. 318 (D. Md. 1991), and allows the case to proceed against the individual officers first.  If Plaintiffs are able to prove a constitutional violation by Detective Rawlins, they will then be permitted to pursue their *Monell* claim against the Baltimore Police Department.  This procedure allows for quick resolution of the question of a constitutional violation and prevents the case from being bogged down in the "possibly extensive evidence necessary to show a custom or pattern of constitutional violations sufficient to hold the inactive Defendants liable."  *See id.* at 320.

responses to requests for production by email and U.S. Mail.  Later that day, Detective Rawlins filed his Motion to Strike Plaintiff's Declaration.  Then, on September 19, Detective Rawlins filed his Motion to Strike Plaintiff's Answers to Interrogatories and Response to Request for Production of Documents.

DISCUSSION

Defendant Detective Rawlins has filed two motions to strike.  His Motion to Strike Declaration of Daniel L. Rockwell (ECF No. 75) seeks to prevent Plaintiffs from using Plaintiff Rockwell's Declaration, attached to his Opposition brief, as evidence in this case. In support of this motion, Detective Rawlins argues that the material in the declaration should have been—and was not—produced during discovery and that Plaintiff Rockwell is incapable of providing admissible testimony due to his mental condition.  Detective Rawlins' Motion to Strike Plaintiff's Answers to Interrogatories and Response to Request for Production of Document (ECF No. 76) seeks to preclude Plaintiffs from relying upon any information disclosed in their answers and responses.  Detective Rawlins argues that Plaintiffs' responses were untimely and, therefore, Plaintiffs should be precluded from calling newly-disclosed witnesses or relying upon newly disclosed medical records. Additionally, Detective Rawlins again asserts that Plaintiff Rockwell should be precluded from offering testimony due to his alleged mental illness.  This Court first addresses Plaintiffs' alleged discovery failures, and then discusses the issue of Plaintiff Rockwell's competence.

**I.      Sanctions for Alleged Discovery Violations**

Rule 37(d) of the Federal Rules of Civil Procedure governs sanctions for failure to respond to interrogatories or requests for production.  Rule 37(d) states:

> (d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.
>> (1) In General.
>>> (A) Motion; Grounds for Sanctions. The court where the action is pending may, on motion, order sanctions if:
>>>> (i) a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition; or
>>>> (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.
>>> (B) Certification. A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.
>> (2) Unacceptable Excuse for Failing to Act. A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).
>> (3) Types of Sanctions. Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)—(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. Pro. 47(d).  The sanctions permissible under Rule 37(d) include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part; [or]
> (vi) rendering a default judgment against the disobedient party.

Fed. R. Civ. Pro. 37(b)(2)(A)(i-vi).   Generally, the decision on sanctions is within the discretion of the district court, but that discretion is more limited in situations where the harsher sanctions are sought.   *See Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).   There are several factors to consider in making the sanctions determination:

> In determining what sanctions are appropriate, the Court must consider the extent of prejudice, if any, along with the degree of culpability. *Victor Stanley,* [*Inc. v. Creative Pipe, Inc.*,] 269 F.R.D. 497, 533 (D. Md. 2010). "The harshest sanctions may apply not only when both severe prejudice and bad faith are present, but also when, for example, culpability is minimally present, if there is a considerable showing of prejudice, or, alternatively, the prejudice is minimal but the culpability is great." *Id.* Less severe sanctions include costs, attorney's fees, and fines, which not only compensate the prejudiced party but also punish the offending party for its actions, hoping to deter the litigant's conduct. *Id.* at 536 (quoting *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec.*, 685 F.Supp.2d at 467, 471 (S.D.N.Y.2010)). The court must "impose the least harsh sanction that can provide an adequate remedy." *Victor Stanley*, 269 F.R.D. at 534 (quoting *Pension Comm.*, 685 F.Supp.2d at 469).

*Hastings v. OneWest Bank, FSB*, Civ. GLR-10-3375, 2013 WL 1502008 (D. Md. Apr. 11, 2013).

In this case, it is undisputed that Plaintiffs' answers to interrogatories and responses to requests for production were not timely.  However, nothing in the record indicates any bad faith on behalf of the Plaintiffs or Plaintiffs' counsel.  In fact, Plaintiffs' discovery materials were provided nearly two months before the scheduled trial date and before Detective Rawlins reply brief was due on his summary judgment motion.  Thus, Detective Rawlins had the opportunity to address these materials on the merits but chose not to, as he refrained from filing a reply brief.

Moreover, Detective Rawlins has not demonstrated any prejudice arising from the late disclosure.  Plaintiffs' theory of the case was clearly laid out in the Complaint, and Plaintiff Rockwell's Declaration does not reflect any material deviation in the factual allegations.  Similarly, information relating to Plaintiff's medical expenses was disclosed in connection to Plaintiffs' expert witness disclosures and report.[8]

Finally, it is important to note that Detective Rawlins seeks the harshest of sanctions—the dismissal of this case or the striking of all of Plaintiff's evidence offered in opposition to Detective Rawlins' Motion for Summary Judgment.  While Plaintiffs clearly failed to timely comply with their duty to provide interrogatory and requests for production responses, there is no indication of any further discovery issues.  In light of this fact and those noted above, the Plaintiffs' discovery failure is insufficient to warrant the drastic relief sought by Detective Rawlins.

## II.  Plaintiff Rockwell's Competency as a Witness

---

[8] The only potential prejudice pertains to the late disclosure of seven additional possible witnesses; Detective Rawlins states that he is prejudiced because he can no longer depose these individuals due to the closing of discovery.  While this Court will not foreclose testimony from these witnesses, this Court will entertain other suggestions from Detective Rawlins in order to remedy this situation during the teleconference scheduled for today, October 15, 2014.

Detective Rawlins has also argued that Plaintiff's Declaration and discovery responses should not be considered by this Court because Plaintiff Rockwell has been deemed incompetent to stand trial in separate criminal matters.   However, "[e]very witness is presumed competent to testify, Fed. R. Evid. 601, unless it can be shown that the witness does not have personal knowledge of the matters about which he is to testify, that he does not have the capacity to recall, or that he does not understand the duty to testify truthfully. This rule applies to persons considered to be insane to the same extent that it applies to other persons."   *United States v. Lightly*, 677 F.2d 1027, 1028 (4th Cir. 1982).   The state court orders referenced in Detective Rawlins' motion do not provide any indication for the basis of those decisions, and Detective Rawlins has not provided any evidence that Plaintiff Rockwell is incompetent to testify under the relevant standards of Rule 601.   Accordingly, Detective Rawlins has failed to demonstrate that Plaintiff Rockwell is incompetent to testify as a matter of law and, therefore, his Motions to Strike will be denied.

## CONCLUSION

For the reasons stated above, it is hereby ORDERED that:

1. Defendant Detective Rawlins' Motion to Strike Declaration of Daniel L. Rockwell (ECF No. 75) and Motion to Strike Plaintiff's Answers to Interrogatories and Response to Request for Production of Documents (ECF No. 76) are DENIED; and

2. The Clerk of the Court transmit copies of this Memorandum Opinion & Order to Counsel.

Dated:          October 15, 2014                      _____/s/_____
                                                        Richard D. Bennett
                                                        United States District Judge