**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division**

| | | |
|---|---|---|
| DANIEL L. ROCKWELL, ET AL. | * | |
|     Plaintiffs | * | |
| vs. | * | Civil Action No.: 1:13-cv-03049-RDB |
| DETECTIVE CLYDE RAWLINS, ET AL. | * | |
|     Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFFS' PROPOSED PRETRIAL ORDER**

Plaintiffs, Daniel L. Rockwell and Demetria R. Holden, by and through undersigned counsel, pursuant to L.R. 106, hereby respectfully submit this Proposed Pretrial Order and state:

**A.**     **Brief Statement of Facts that Plaintiffs Propose to Prove in Support of Their Claims, Together with a Listing of the Separate Legal Theories Relied Upon in Support of Each Claim**

This case involves Defendant Baltimore Police Department Detective Clyde Rawlins' tasing of Plaintiff Daniel Rockwell, when Daniel Rockwell was on a pitched roof, approximately 12 feet above the ground. Daniel, at the time of the incident, was a minor; he is now an adult. In addition, the parties do not dispute that Daniel Rockwell has some degree of learning disability / limited mental capacity.

The parties do not dispute the following: that Detective Rawlins arrived at or around 8:00 a.m. on February 8, 2011, at the home of Daniel Rockwell and his mother, Plaintiff Demetria Holden; that Defendant Rawlins and other members of his warrant serving team were there to serve an arrest warrant on Daniel, for violation of his juvenile home monitoring conditions; that Detective

Rawlins and Daniel knew each other, having previously interacted approximately four to six times; and that upon learning that Detective Rawlins had arrived to take him in, Daniel Rockwell went to the second story of his house, and then out onto a second-story roof of a front porch overhang.

Taken from Mr. Rockwell's testimony in the case is the following description of the rest of the tasing incident. Mr. Rockwell went through a window, onto the roof of the porch overhang. Detective Rawlins appeared in a window. [The parties agree that Daniel Rockwell spent at least several minutes on the roof, walking about the roof.] Detective Rawlins stated to Mr. Rockwell (in substance), "Daniel, get off the roof"; in response, Mr. Rockwell stated (in substance): "Alright, I'm coming off the roof." Detective Rawlins was at the window – with his legs and bottom half inside the house and with his arms and the taser outside of the house. Daniel moved toward the window, to re-enter the house through the window, as directed by Detective Rawlins and other officers (located on the ground). As Daniel approached the window, Detective Rawlins shot Daniel with the taser in Daniel's left side.

Further, the parties do not dispute that as Daniel Rockwell was moving about on the roof, Detective Rawlins and the other officers on the ground were shouting at Mr. Rockwell to go back inside the house.

Plaintiffs seek recovery in the case, by the following causes of action:

> Count I - Assault
>
> Count II – Battery
>
> Count VII - Gross Negligence (See Plaintiffs request to dismiss at Section E, *infra*)
>
> Count XI - Article 26, Maryland Declaration of Rights
>
> Count XII – 4th and 14th Amendments; 42 U.S.C. § 1983

Defendant, Detective Rawlins violated Daniel Rockwell's Constitutional rights by, *inter alia*, tasing Daniel Rockwell while Daniel Rockwell was on the roof overhang of his house. Detective Rawlins' actions were unreasonable and excessive and amounted to violations of Daniel Rockwell's Constitutional rights. The facts do not support the use of deadly force.

**B.     Brief Statement of Facts that Defendant Proposes to Prove or Rely Upon as a Defense Thereto, Together with a Listing of the Separate Legal Theories Relied Upon in Support of Each Affirmative Defense.**

To be supplied by Defendant.

**C.     Similar Statements as to any Counterclaim, Crossclaim, or Third-Party Claim**

None.

**D.     Amendments Required of Pleadings**

None.

**E.     Any Pleading Abandonment**

Plaintiffs request to dismiss Count VII - Gross Negligence.

**F.     Stipulations of Fact and/or Requested Stipulations of Fact**

Plaintiffs request that Defendant stipulate to the following:

The admissibility of the documents listed in section H herein.

**G.     Details of Damages Claimed and Relief Sought as of the Date of the Pretrial Conference**

As a result of being tased, Daniel fell off the roof, approximately 12 feet to the ground, suffering serious bodily injuries, including a broken back. Daniel's physical injuries resulting from the tasing incident will be detailed by board certified orthopedic expert, Stanley Friedler, M.D., to be called by Plaintiffs at trial (via video *de bene esse* testimony). As a result of being tased, Daniel

suffered serious bodily injury, including: (1) abdominal pain, (2) abdominal perforation (barbed straight probe imbedded), (3) cervical spine fracture at C3, (4) complex series of spinal fractures from T8-T11, (5) posterior rib fracture of right 10th rib, (6) epidural, mediastinal, and paraspinal hematomas, (7) bilateral pleural effusions/hemothoraces, (8) leg weakness, (9) approximate 9" scarring from T4 to L1, and (10) permanent placement of pedicle screws and rods. Compensatory damages sought in this case include pecuniary damages, which include past medical expenses totaling $86,182.56.

As a result of the tasing, Daniel suffered pain, including sharp pain; Daniel had fears about being paralyzed and/or having to spend time in a wheelchair. After being tased, Daniel suffered significant, prolonged pain as a result thereof. Daniel still suffers periodic pain in his back (in the area of the shoulder blade(s)) that he did not have before the tasing incident. Daniel now has causally-related limitations on his physical activity.

Punitive damages claimed are to be determined by the trier of fact in accordance with applicable law. See, *Smith v. Wade*, 461 U.S. 30 (1983).

Plaintiff Demetria Holden's claim is for medical expenses during Daniel's minority.

Plaintiffs also seek recovery of attorneys' fees.

**H.**     **Listing of Documents and Exhibits to be Offered in Evidence by Plaintiffs**

Plaintiffs expect to offer the following documents and records as evidence at the trial of this case. Plaintiffs ask that the following exhibits be offered in evidence without the usual authentication:

Photographs of home at 4425 Wrenwood Avenue, Baltimore, Maryland 21212; 1 taken 2/11/11 and 27 taken 3/23/11

12/27/14 Declaration of Chirell Long (if the need arises)

8/22/14 Declaration of Daniel L. Rockwell (if the need arises)

Baltimore Police Department ("BPD") rules, regulations, policies and guidelines including, but not limited to Electronic Control Devices ("ECD") policies and guidelines

Baltimore Police Department ("BPD") files from investigations arising out the subject incident of 2/8/11

Affidavit for Warrant for Request of Warrant (if the need arises)

Warrant – State of Maryland 2/1/11 (if the need arises)

Charging document for underlying juvenile charge (if the need arises)

Robert Klotz Curriculum Vitae

Stanley Friedler, M.D. Curriculum Vitae

Daniel Rockwell's Medical Bills with summary cover sheet (insurance and payments redacted)

Daniel Rockwell's Medical Records with summary cover sheet

5 x-rays (films, hard copies and/or projections in digital format) taken 12/17/14 - Reviewed by Dr. Friedler

2 Reports of 5 x-rays taken 12/17/14

12/19/14 Report of Stanley Friedler

*National Vital Statistics Reports, Volume 62, Number 7, United States Life Tables, 2009*

9 Photographs of Daniel Rockwell

2/26/15 Deposition of Stanley Friedler, M.D.

All discovery responses including but not limited to answers to interrogatories, responses to request for production of documents and responses to requests for admissions of facts and genuineness of documents

All documents previously identified and/or produced by any party or witness.

Plaintiffs continue to prepare their Exhibit List.

**I.**     **List of Plaintiffs' Fact Witnesses**

Detective Clyde Rawlins
c/o his counsel

Daniel L. Rockwell
c/o undersigned counsel

Demetria R. Holden
c/o undersigned counsel

Chirell Long
1610 Ramblewood Road
Baltimore, Maryland 21239
443-839-3827

Kevontay Pyles
712 E. 35th Street
Baltimore, Maryland 21218
(443)220-8433

**J.**     **List of Plaintiffs' Expert Witnesses**

Robert W. Klotz
3210 Havenwood Court
Edgewater, Maryland 21037
(410)798-6868

Police practices and procedures including, but not limited to use of force

Stanley Friedler, M.D.
90 Painters Mills Road
Suite 136
Owings Mills, Maryland 21117
(410)653-9300

Orthopaedic medicine and surgery

**K.**     **List of Deposition Testimony to be Offered in Plaintiffs' Case in Chief**

In accordance with this Court's prior Order, Plaintiffs will present the testimony of Stanley Friedler, M.D. by means of the *de bene esse video* deposition taken on February 26, 2015.

**L.     Any Other Pretrial Relief**

Plaintiffs await the results of the Court's *in camera* review of Detective Rawlins' personnel files.

Plaintiffs expect to file one or more Motions in Limine.

Plaintiffs will be opposing Detective Rawlins' recently filed Motion in Limine in which Detective Rawlins seeks to have excluded from presentation to the jury relevant evidence of (1) his use of excessive force, (2) facts which tend to prove why he used excessive force, and (3) facts which are relevant to his credibility - which Detective Rawlins couches in a (probably purposely) vague *Motion in Limine to Preclude the Reference to Possible Alternative Actions Available to Defendant*.

**M.     Any Other Matters Added by the Court**

To be supplied by the Court.

Respectfully Submitted,

  /s/
Michael S. Greene (Federal Bar No. 11797)
Marshall N. Perkins (Federal Bar No. 25514)
MICHAEL S. GREENE, P.A.
11-A Gwynns Mill Court
Owings Mills, Maryland 21117
telephone: (410) 363-9414
fax: (410) 363-2659
email: mgreene@greenelegal.com
          mperkins@greenelegal.com
*Attorney for Plaintiffs, Daniel L. Rockwell and Demetria R. Holden*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of March 2015, a copy of the foregoing Plaintiffs' Proposed Pretrial Order was served, in accordance with ECF Local Rules, upon all parties to the action via electronic service, through counsel of record.

</div>

                                                                     /s/
                                                Michael S. Greene