```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

DANIEL L. ROCKWELL, ET AL.      *

       PLAINTIFFS            *

       VS.                   *    CIVIL ACTION NO. MJG-13-3049

DETECTIVE CLYDE RAWLINS, ET AL. *

       DEFENDANTS            *

\*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER RE: MOTION IN LIMINE

The Court has before it Plaintiff's Motion in Limine [Document 109] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

### A.   Qualified Immunity

Defendant seeks a qualified immunity instruction. However, as long recognized, for example in Meyers v. Baltimore County, Md., 713 F.3d 723, 733-34 (4th Cir. 2013), if a jury should find that a defendant used excess force in effecting an arrest, the jury would find that he engaged in objectively unreasonable conduct. In that situation, it is necessary to determine "whether the [police officer's] objectively unreasonable conduct violated a constitutional right that was clearly established at the time the conduct occurred." Id. at 734. And, as the United States Court of Appeals for the Fourth Circuit has stated,

"officers using unnecessary, gratuitous, and disproportionate force to seize a secured, unarmed citizen, do not act in an objectively reasonable manner and, thus, are not entitled to qualified immunity." Bailey v. Kennedy, 349 F.3d 731, 744-45 (4th Cir. 2003).

Defendant Rawlins shall not refer to qualified immunity before the jury, and the Court shall not give the jury the requested qualified immunity instruction, Defendant's Jury Instruction Number 11 [Document 106] at 19-20.


B.  Marijuana Use

Defendant Rawlins will, it appears, seek to present evidence to establish that Plaintiff Daniel Rockwell had, some time prior to the incident at issue, used marijuana.  The Court finds this evidence admissible in regard to the Plaintiff's credibility to contradict a statement that he had not used marijuana for several years prior to the incident.  The Court is not deciding, of course, that the evidence referred to in Defendant's opposition [Document 111] to Plaintiff's Motion does, in fact, establish any such marijuana use.  However, Defendant has not referred to evidence that would be adequate to establish that Plaintiff Rockwell used marijuana or any other

drugs within 24 hours of the incident.  Nor has Defendant referred to any evidence that would be adequate to establish that Plaintiff Rockwell could have been affected by marijuana use during the incident.

Accordingly, Defendant shall not, before the jury, refer to any alleged marijuana use within 24 hours of the incident or any possible effect on Plaintiff Daniel Rockwell relating to the incident.  Defendant's only reference to marijuana use may be in regard to a contention that Plaintiff Daniel Rockwell made a false statement about not having used marijuana in the year prior to the incident.

Accordingly:

1. Plaintiff's Motion in Limine [Document 109] is DENIED IN PART AND GRANTED IN PART.

    a. Defendant Rawlins shall not refer to qualified immunity to the jury.

    b. Defendant's only reference to marijuana use may be in regard to a contention that Plaintiff Daniel Rockwell made a false statement about not having used marijuana in the year prior to the incident.

SO ORDERED, on <u>Friday, March 6, 2015</u>.

                                                           /s/_____
                                                     Marvin J. Garbis
                                        United States District Judge